**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SHENANDOAH BRICK & TILE CORP., Respondent.**

**No. 12626.**

United States Court of Appeals Fourth Circuit.

Argued Feb. 7, 1969.

Decided March 17, 1969.

---

stantial and material issues pertaining to the validity of the election. Consequently, a hearing on the company's objections is unnecessary. Intertype Co. v. N. L. R. B., 401 F.2d 41 (4th Cir. 1968); N. L. R. B. v. Bata Shoe Co., 377 F.2d 821 (4th Cir.), cert. denied, 389 U.S. 917, 88 S.Ct. 238, 19 L.Ed.2d 265 (1967).

The Board's order will be enforced.

Sanford Fisher, Atty., N. L. R. B. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Nancy M. Sherman, Edith Nash, and Leonard M. Wagman, Attys., N. L. R. B., on brief), for petitioner.

Flournoy L. Largent, Jr., Winchester, Va. (Kenneth C. McGuiness and Vedder, Price, Kaufman, Kammholz & McGuiness, Chicago, Ill., on brief), for respondent.

Before SOBELOFF, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

The National Labor Relations Board petitioned for enforcement of its order requiring the Shenandoah Brick & Tile Corp. to bargain with a union that had been certified following a representational election.[1] The company justified its refusal to bargain by asserting that certification was based upon an invalid election. Its principal complaint in this court is the board's denial of a hearing on the charge that conduct attributed to the union rendered a fair election impossible.

■ ■ After the election, the company filed objections which were overruled on the basis of the regional director's investigation. We find no error of law or fact in the board's determination that the company did not raise sub-

---

1. Shenandoah Brick & Tile Corp., 168 NLRB No. 7, 66 LRRM 1255 (1968).